OSCN Found Document:UNDERWOOD v. STATE BD. OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 UNDERWOOD v. STATE BD. OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS
2023 OK 118
Case Number: 121667
Decided: 12/12/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 118, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

VIRGINIA UNDERWOOD, Complainant,
v.
STATE BOARD OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS, Respondent.

APPEAL FROM THE OKLAHOMA STATE BOARD 
OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS

¶0 Petitioner Virginia Underwood filed a complaint against Certified Shorthand Reporter Joseph Shewmaker with the State Board of Examiners of Certified Shorthand Reporters (the Board). The Board reviewed the complaint and determined formal disciplinary proceedings were not warranted. Underwood has appealed the Board's decision. We affirm the Board's decision and dismiss this cause.

DECISION OF THE STATE BOARD OF EXAMINERS OF CERTIFIED SHORTHAND
REPORTERS IS AFFIRMED; CAUSE DISMISSED.

Virginia Underwood, pro se.

Emily Isbill, Assistant Attorney General, Oklahoma City, Oklahoma, for State Board of Examiners of Certified Shorthand Reporters, Respondent.

KANE, C.J.:

¶1 Virginia Underwood filed a complaint against Certified Shorthand Reporter Joseph Shewmaker with the State Board of Examiners of Certified Shorthand Reporters (the Board) on August 21, 2023, pursuant to Rule 5, Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, 20 O.S.2011, ch. 20, app. 2. Underwood asserted that the transcript of the June 6, 2023 hearing in State of Oklahoma v. Joseph Jerome Dennis, CF-1996-112, in Grady County District Court, provided by CSR Shewmaker was not a true and correct account of the proceedings. Specifically, Underwood complained that "the records have been altered, because they do not reflect any of the objections made by Mr. Dennis." Underwood further complained that CSR Shewmaker would not make available the audio recording of the hearing in order for her to prove the transcript was incomplete and inaccurate.

¶2 The Board determined that formal disciplinary proceedings were not warranted and notified Underwood of its decision on October 5, 2023. The Board explained that it does not handle disputes regarding the correctness of a trial transcript and indicated issues involving the correctness of a transcript should be resolved by the trial court. Underwood filed a petition for review of the Board's decision on October 12, 2023.

¶3 On appeal, Underwood argues the Board should have conducted an investigation into the accuracy and completeness of the transcript and held a formal disciplinary hearing to compare the audio recording and the transcribed proceeding.

¶4 We affirm the Board's determination that formal disciplinary proceedings are not warranted. Pursuant to 20 O.S. § 1502, the Board has jurisdiction to conduct proceedings and recommend discipline of a CSR on the grounds of fraud, gross incompetence, or gross or habitual neglect of duty. Failure to prepare accurate and complete transcripts may form the basis for such discipline. See, e.g., State Bd. of Exam'rs of Certified Shorthand Reporters v. Idleman, 2022 OK 33, 508 P.3d 424 (transcript inaccurate and untimely); State Bd. of Exam'rs of Certified Shorthand Reporters v. Thompson, 2004 OK 94, 106 P.3d 589 (transcripts incomplete, inaccurate, and not in conformity with professional standards). It is not, however, the Board's role to investigate and determine the accuracy and completeness of the transcript. Underwood alleges the transcript prepared by CSR Shewmaker is incomplete and inaccurate. The dispute over the accuracy and completeness of the transcript prepared by CSR Shewmaker must be resolved in the trial court where the proceedings took place. If the trial court determines the transcript is incomplete or inaccurate, Underwood may file another complaint against CSR Shewmaker. The Board will then conduct a preliminary investigation to determine whether the facts are sufficient to warrant formal disciplinary proceedings. See Rule 5(b).[1]

DECISION OF THE STATE BOARD OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS IS AFFIRMED; CAUSE DISMISSED.

CONCUR: Kane, C.J., Kauger, Winchester, Edmondson, Combs, Gurich, Darby, and Kuehn, JJ.

DISSENT: Rowe, V.C.J.

FOOTNOTES

[1] While this appeal was pending, the Court amended the Rules Governing Disciplinary Proceedings of the State Board of Certified Shorthand Court Reporters and adopted new provisions on point:

e) The Board is not authorized to investigate or make factual determinations about the accuracy of an official transcript, nor can the Board direct an official reporter to release an audio recording or other work product to a complainant. Complaints regarding errors or omissions in an official transcript, including any requests to review a court reporter's audio recordings, must be raised before the court that is considering the underlying case. See Oklahoma Supreme Court Rules, Title 12, App. 1, Rule 1.32, Paragraph A, and Rules of the Oklahoma Court of Criminal Appeals, Title 22, Chap 18, App., Rule 2.2, Paragraph D.

1) Upon receipt of a complaint regarding accuracy of an official transcript, the Board shall send a written notice to the complainant and to the court reporter involved that the Board is without jurisdiction to consider the complaint and is not authorized to conduct further investigation. No appeal may be filed regarding this response by the Board.

2) However, the Board is authorized to conduct a preliminary investigation pursuant to this Rule if one or more courts has determined that a court reporter has committed significant transcript errors or omissions. In such situations, the Board may conduct preliminary investigation to determine whether there are facts sufficient to warrant formal disciplinary proceedings for gross incompetence, gross or habitual neglect of duty, or other misconduct which is within the jurisdiction of the Board.

See In re Amend. to Rule 5 and 8, 2023 OK 106, __ P.3d __, effective November 13, 2023 (amending Rule 5(e), Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, 20 O.S.2011, ch. 20, app. 2).

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2004 OK 94, 106 P.3d 589, 
OKLA. STATE BD. OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS v. THOMPSON
Discussed

 
2022 OK 33, 508 P.3d 424, 
STATE ex rel. STATE BD. OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS v. IDLEMAN
Discussed

 
2023 OK 106, 
IN RE AMENDMENTS TO RULE 5 AND 8 OF DISCIPLINARY RULES OF STATE BD. OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS
Cited

Title 20. Courts

 
Cite
Name
Level

 
20 O.S. 1502, 
Duties of Board
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA